273 F.3d 817 (9th Cir. 2001)
 TERESA TWOHEY, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM R. TWOHEY, DECEASED, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED, PLAINTIFF-APPELLANT,
v.
LINCOLN NATIONAL LIFE INSURANCE COMPANY, DEFENDANT-APPELLEE.
 No. 00-16514
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted November 6, 2001
December 5, 2001
 
 Douglas K. deVries, Mart & deVries, Sacramento, California, for the plaintiff-appellant.
 John M. Grenfell and Stephen Stublarec, Pillsbury Winthrop Llp, San Francisco, California, for the defendant-appellee.
 Appeal from the United States District Court for the Northern District of California Charles R. Breyer, District Judge, Presiding. D.C. No. CV-00-00196-CRB
 Before: Goodwin, Wallace and Thomas, Circuit Judges.
 
 Goodwin, Circuit Judge
 
 1
 Plaintiff Teresa Twohey appeals the summary judgment against her class action alleging that, under California Insurance Code Section 10369.6, insurer Lincoln National Life Insurance ("Lincoln") improperly reduced disability benefits paid to her late husband, a Lincoln group policyholder. We are asked to decide an issue of first impression in this circuit: whether California Insurance Code Section 10369.6 applies to group disability insurance. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, and hold the section inapplicable.
 
 I. Facts and Procedural History
 
 2
 Twohey's husband obtained a group disability insurance policy with Lincoln sometime during or prior to 1980, through his membership in the International Brotherhood of Electrical Workers. The policy promised Mr. Twohey two-thirds of his pre-disability salary for the duration of his disability, but not beyond his sixty-fifth birthday. When Mr. Twohey became permanently disabled in December 1987, he filed a claim for disability benefits with Lincoln, which calculated its liability under the policy to be $2894.52 per month (two-thirds of his monthly salary of $4341.57). Mr. Twohey also applied for, and received, Social Security Disability Insurance at a monthly rate of $874.00. On October 6, 1989, Lincoln notified Mr. Twohey that it was entitled to offset his benefits under the policy, dollar-for-dollar, by the amount of his Social Security benefits. Mr. Twohey received $2020.52 per month ($2894.52 less $874.00) from Lincoln until his death on October 16, 1996.
 
 
 3
 In July 1999, Teresa Twohey learned that Lincoln's offsets may have been inconsistent with California Insurance Code Section 10369.6. She filed a class action alleging that Lincoln's policy of dollar-for-dollar offsets resulted in a lower monthly benefit than the pro rata formula in Insurance Code Section 10369.6 and constituted unfair competition under California's Business and Professions Code Section 17200.
 
 
 4
 The district court dismissed Twohey's claims and made the following conclusions: (1) Section 10369.6 does not apply to group disability insurance; (2) Section 10369.6 does not pertain to offsets against Social Security or workers' compensation benefits; and (3) Twohey's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA).
 
 II. Discussion
 
 5
 California Insurance Code Section 10369.6 gives insurers the option to offset disability payments against benefits paid under another insurance policy. Thus, an insurer may write a contract allowing it to reduce its benefits when the insured has duplicate coverage; and if it chooses that course, the insurer must draft its offsetting provision in accordance with the model language in Section 10369.6 or language "not less favorable" to the insured. See Cal. Ins. Code §§ 10369.1. The model language of Section 10369.6 provides:
 
 
 6
 Insurance With Other Insurers: If there is other valid coverage, not with this insurer, providing benefits for the same loss on other than an expense incurred basis and of which this insurer has not been given written notice prior to the occurrence or commencement of loss, the only liability for the benefits under this policy shall be for the proportion of the indemnities otherwise provided under this policy for the loss as the like indemnities of which the insurer had notice, including the indemnities under this policy, bear to the total amount of all like indemnities for the loss, and for the return of the portion of the premium paid as shall exceed the pro rata portion for the indemnities thus determined. Cal. Ins. Code §§ 10369.6.
 
 
 7
 Twohey argues that Lincoln's dollar-for-dollar offsets resulted in a monthly benefit that was less favorable to her husband than the pro rata formula set forth in Section 10369.6. In support, Twohey cites to a number of sections in the Insurance Code, which she contends explicitly make Section 10369.6 applicable to group insurance policies. Section 10270.95 enumerates specific provisions of the Code that do not apply to group disability insurance. See Cal. Ins. Code §§ 10270.95. Since Section 10270.95 does not identify Section 10369.6 as an exemption, Twohey argues that the California legislature intended Section 10369.6 to apply to group insurance. Twohey also cites to Section 10270.9, which requires group disability policies to include all applicable provisions set forth in Articles 3, 4 and 5. See Cal. Ins. Code §§ 10270.9. Because Article 5 contains Section 10369.6, Twohey asserts that Lincoln's group policy provisions must therefore contain Section 10369.6's model language or language no less favorable. Finally, Twohey relies on Section 10270, which provides that the chapter containing Section 10369.6"shall apply to each of the types of insurance enumerated . . . except . . . [as] exempted from compliance . . . ." Cal. Ins. Code §§ 10270(c). Since group disability insurance is identified in the statute, see Cal. Ins. Code §§ 10270(c)(3), Twohey argues that Section 10369.6 applies to group insurance.
 
 
 8
 The cited statutes are, at best, ambiguous on the applicability of Section 10369.6. California Code of Regulations Section 2232.30, which provides that "Section 10369.6 of the Insurance Code . . . [is] not applicable to group disability insurance," is dispositive of the issue before us.
 
 
 9
 Twohey argues that Section 2232.30 is a temporary regulation and no longer good law. Since Sections 2232.1 through 2232.41 were promulgated in 1956, Twohey contends that Section 2232.30 became invalid pursuant to Insurance Code Section 10270.94, which provides that certain Department of Insurance regulations promulgated before 1957 would "cease to be effective" as of January 1, 1957. See Cal. Ins. Code §§ 10270.94.
 
 
 10
 We are not persuaded that Section 2232.30 was intended to be temporary or that it ceased to be effective in 1957. Section 10270.94 provides in relevant part:
 
 
 11
 [A]s of January 1, 1957, the promulgation of provisions and rules governing their use incorporating in substance the applicable provisions of Articles 3
 
 
 12
 . . . , 4 . . . , and 5 . . . shall cease to be effective, and on and after January 1, 1957, only the promulgation of provisions . . . incorporating . . . the applicable provisions of Articles 3a . . . , 4a . . . , and 5a . . . shall be effective. Cal. Ins. Code §§ 10270.94. When Section 10270.94 was drafted, Section 10369.6 was part of Article 5a. Only in 1980, when the Articles were renumbered, did it become a part of Article 5. See 1980 Cal. Stat. ch. 676, §§ 196. Additionally, the California legislature and the Department of Insurance have had ample time to repeal the regulation, but neither has done so. In fact, the DOI continues to refer to the regulation after 1957. In a 1972 Bulletin, the California Insurance Commission stated that "Sections 2232.30 through 2232.41 set forth the optional uniform group disability policy provisions and the rules and instructions governing their use . . . ." See Cal. Ins. Bull. 72-10. For these reasons, Section 2232.30 remains good law, and its langauge supports a construction that Section 10369.6 does not apply to group disability insurance.
 
 
 13
 We need not reach the remaining questions tendered in the appeal because none of them survives the conclusion that Lincoln's offset provision in group insurance policies does not violate Section 10369.6 of the Insurance Code.
 
 
 14
 AFFIRMED.